17518

Bright A. LOWERY, Appellant, v. T. J. SHIRLEY *et al.*, Respondents
(107 S. E. (2d) 769)

*W. Jerry Fedder, Esq.,* of Seneca, *for Appellant,*

*Messrs. Edward H. Ninestein,* of Walhalla, and *Huger Sinkler,* of Charleston, *for respondents,*

March 23, 1959.

LEGGE, Justice.

At its 1958 session the General Assembly adopted a joint resolution proposing amendment of Article X, Section 5 of the Constitution of 1895 by adding at the end thereof the following: "Provided, that the limitations imposed by Section 5, Article X, are removed for Oconee County and such

county may impose a bonded indebtedness not exceeding fifteen per cent of the assessed value of the taxable property in the county. This limitation shall not be construed to affect or limit the power of other political subdivisions or municipal corporations covering or extending over any portion of the territory in the county." 50 St. at Large, p. 2577. The joint resolution further provided that the proposed amendment should be submitted to the qualified electors at the next general election for representatives, and phrased the question to be printed or written on the ballot as follows:

"Shall Section 5, Article X of the Constitution of this State be amended so as to provide a limitation upon the bonded indebtedness of Oconee County and to authorize Oconee County to incur bonded indebtedness to an amount not exceeding fifteen per cent of the assessed value of the taxable property in the county?

"In favor of the amendment  ☐
"Opposed to the amendment  ☐"

In the general election of November 4, 1958, a majority of those voting upon the question as thus submitted voted "in favor of the amendment".

Pursuant to an Act of the General Assembly approved February 4, 1959, the County Commissioners of Oconee County propose to issue general obligation bonds of the county to an amount not exceeding $900,000.00 for the purpose of providing public hospital facilities. The issuance of these bonds will raise the county's bonded debt beyond the eight per cent limit imposed by Article X, Section 5 as it stood prior to its amendment before referred to, but not beyond the fifteen per cent limit authorized by that amendment.

Plaintiff, contending that the question was so deceptively phrased on the ballot as to have misled the voters into thinking that the amendment would impose, not relax, a limitation upon the county's power to incur bonded indebtedness, seeks a judgment declaring the amendment not to have been adopted, the eight per cent limit still in force, and the pro-

posed bond issue consequently beyond the power of the county commissioners. He appeals from an adverse decree of the circuit court.

Every reasonable presumption will be indulged in favor of the validity of both the legislative proceedings and the election incident to the adoption of a constitutional amendment; and the requirement of Article XVI, Section 1 with regard to submission of proposed amendments to the qualified voters is satisfied where the question is fairly stated on the ballot in such language that the average voter may understand the true import and scope of the proposed amendment. *Ex parte Tipton,* 229 S. C. 471, 93 S. E. (2d) 640.

In the instant case the question as phrased on the ballot (in language identical with that of the joint resolution) is not above criticism; its reference to providing "a limitation upon the bonded indebtedness of Oconee County" was unnecessary and, standing alone, would have been misleading. *Ex parte Tipton, supra.* But the words just quoted did not stand alone; they were immediately followed by others showing that the "limitation" was to be fifteen per cent of the assessed value of the taxable property in the county. We agree with the circuit judge that the question thus propounded, when viewed as a whole, was not such as would likely mislead the average voter.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.